**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAMAL MCKINNEY,<br><br>         Plaintiff,<br><br>      - against -<br><br>THE STOP & SHOP SUPERMARKET<br>COMPANY LLC,<br><br>         Defendant. | Civil Action No.<br><br><br><br>**NOTICE OF REMOVAL** |

**To:**    **Brenna B. Mahoney, Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201**

**SIR OR MADAM:**

Defendant The Stop & Shop Supermarket Company LLC (hereinafter, "Defendant" or "Stop & Shop"), through its undersigned counsel, hereby gives notice of the removal of this action from the Supreme Court of the State of New York, Nassau County, where it is currently pending, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and state the following in support of such removal:

**I.      STATE COURT ACTION**

1.     On or about December 29, 2021, Plaintiff Lamal McKinney ("Plaintiff" or "McKinney") filed this action against Stop & Shop in the Supreme Court of the State of New York, County of Nassau, Index No. 616299/2021. On or about January 27, 2022, a process server delivered a Summons and Complaint directed to The Stop & Shop Supermarket Company

LLC to the Office of the Secretary of State of the State of New York in accordance with Section 303 Limited Liability Company Law.[1]

2.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders entered in the state court action are included with this Notice of Removal as **Exhibit 1**.

3.    In this lawsuit, McKinney, a former employee of Stop & Shop, alleges that Stop & Shop discriminated against him and wrongfully terminated his employment because of his disability (alleged to be autism and schizophrenia).  *See* **Exhibit 1**, Complaint ("Compl."), at ¶4, ¶¶3-4[sic] (Material Facts).  McKinney asserts his disability discrimination claims under the New York City Human Rights Law, New York City Administrative Code §8-502(a) *et seq.* ("NYCHRL").

4.    Nassau County is situated in the Eastern District of New York, and pursuant to 28 U.S.C. § 1441(a) this Court is the appropriate forum to entertain this Notice of Removal.

5.    Concurrent with the filing of this Notice of Removal, Stop & Shop is providing notice of the removal to the Supreme Court of New York, County of Nassau, and to Plaintiff's counsel of record.  A copy of the Notice of Filing Notice of Removal is attached as **Exhibit 2**.

II.    **GROUNDS FOR REMOVAL – DIVERSITY OF CITIZENSHIP**

6.    Removal of this action is appropriate based on diversity of citizenship under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).  As shown below, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *Id*. § 1332(a)(1).

---

[1] As of this filing, Stop & Shop has not received a copy of the Summons and Complaint delivered to the Secretary of State.  Rather, Stop & Shop was advised through counsel that service was made on the Secretary of State and counsel was provided with an Affidavit of Service reflecting service on the Secretary of State.

a. Citizens of Different States

7.      To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means the plaintiff may not be a citizen of the same state as the defendant. *See Lewis v. Hatem*, No. 19-CV-6446 (GBD) (KHP), 2019 WL 12339640, at *4 (S.D.N.Y. Dec. 23, 2019).

8.      Citizenship of a natural person is established by domicile.   28 U.S.C. § 1332(a)(1).  At the time of filing of the Complaint, and, upon information and belief, at the time of removal, Plaintiff was, and is, a citizen of the State of New York and the County of Nassau. *See* **Exhibit 1**, Compl., at ¶2.

9.      Defendant, The Stop & Shop Supermarket Company LLC, is not a citizen of the State of New York.  The citizenship of a limited liability company is determined, not by reference to where the limited liability company is chartered or where it conducts business, but rather by where its "members" are considered citizens. *See Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 60 (2d Cir. 2016) ("In general, the citizenship of a limited liability company is determined by the citizenship of each of its members"), *citing Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Village Assocs, L.P.*, 213 F.3d 48, 51–52 (2d Cir. 2000).

10.     The Stop & Shop Supermarket Company LLC is organized under the laws of the State of Delaware.  Annexed hereto as **Exhibit 3** is a true and correct copy of the Certificate of Formation of The Stop & Shop Supermarket Company LLC.  However, the sole "member" of The Stop & Shop Supermarket Company LLC is Ahold U.S.A. Holdings, Inc.  Annexed hereto as **Exhibit 4** is a true and correct copy of the Operating Agreement for The Stop & Shop Supermarket Company LLC, indicating that Ahold U.S.A. Holdings, Inc. is its sole member.  In

3

or about 2005, Ahold U.S.A. Holdings, Inc. merged with another corporation and, as part of the merger changed its name to Ahold U.S.A., Inc.  Annexed hereto as **Exhibit 5** is a true and correct copy of the Certificate of Merger between Croesus, Inc. and Ahold U.S.A. Holdings, Inc., reflecting the change of name of the surviving entity from Ahold U.S.A. Holdings, Inc. to Ahold U.S.A., Inc.

11.    A corporation is a citizen of the states in which it was organized and in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1186, 1192-93 (2010) ("principal place of business" of corporation "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is often "metaphorically called its 'nerve center'").

12.    As set forth in the Certificate of Merger annexed hereto as **Exhibit 5**, Ahold U.S.A., Inc. is a corporation organized under the laws of the State of Maryland.   Ahold U.S.A., Inc. has a principal place of business at 1365 Hancock Street, Quincy, Massachusetts 02169. Therefore, The Stop & Shop Supermarket Company LLC is a citizen of Maryland and Massachusetts since its sole member, Ahold U.S.A., Inc., is a citizen of Maryland and Massachusetts.

13.    Based on the above, the Plaintiff, Lamal McKinney, is a citizen of a different state (New York) from the Defendant The Stop & Shop Supermarket Company LLC (Maryland and Massachusetts), and thus, diversity of citizenship exists.

b. Amount in Controversy

14.    According to a reasonable reading of the Complaint and a preponderance of the evidence, based on Plaintiff's demands, the amount in controversy is in excess of $75,000.[2] *See*

---

[2] By filing the Notice of Removal, Stop & Shop does not concede Plaintiff is entitled to any damages or waive any defenses available to it at law, in equity or otherwise.

*Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 397 (2d Cir. 2003) (holding that the removing party need only establish a "reasonable probability" that the amount in controversy exceeds the jurisdictional requirement). A potential statutory award of attorneys' fees, such as is potentially available under the statute at issue in this case, is also considered by the Court when determining whether the jurisdictional threshold has been met. *Kimm v. KCC Trading, Inc.*, 449 Fed Appx. 85, 85-86 (2d Cir. 2012).

15. In the Complaint, Plaintiff alleges that as a result of the alleged discrimination, he has suffered "loss of rights, emotional distress, loss of income and earnings," "the loss of salary, bonuses, benefits and other compensation…employment entails," "emotional pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses." He claims that he "feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed" and has suffered "physical ailments." *See* **Exhibit 1**, Compl., ¶¶8, 10, 11, 12 (Material Facts). He therefore demands judgment for, *inter alia*, "damages to Plaintiff for all lost wages and benefits," "compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation," "punitive damages" and "attorneys' fees, costs, and expenses incurred in the prosecution of this action." *See* **Exhibit 1**, Compl., "Wherefore" clause.

16. At the time of his separation from Stop & Shop on or about August 21, 2021, Plaintiff was earning approximately $14.00 per hour and working between 12-16 hours per week. During the four weeks Plaintiff worked for Stop & Shop, he earned an average weekly salary of approximately $211.75. Annexed hereto as **Exhibit 6** is a true and correct copy of Plaintiff's Earnings History setting forth Plaintiff's wage rate and the hours he worked on a weekly basis during his employment. If plaintiff proves a wrongful termination claim, he would be entitled to backpay in the amount of $211.75 per week from the date of his separation through

the date of trial (currently assumed to be August 2024).  During that three-year period, plaintiff's backpay wages would total approximately $33,033.00 – which is almost half of the $75,000 jurisdictional minimum.  If front pay (i.e., lost wages from the date of trial into the future) is added to that sum at the same rate, Plaintiff's alleged lost wages could approach $50,000.

17.     However, if emotional distress damages are included, Plaintiff's claims clearly exceed $75,000 in controversy.  In the Second Circuit, even "[g]arden variety emotional distress claims generally merit $30,000 to $125,000 awards."  *Olsen v. Count of Nassau*, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009) (internal quotations omitted).  Accordingly, a factfinder who believed Plaintiff could award him compensatory damages in that range.

18.     Similarly, where punitive damages are legally recoverable, they "can be included in the jurisdictional amount." *Leslie v. BancTec Serv. Corp.*, 928 F. Supp. 341, 348 (S.D.N.Y. 1996).  Punitive damages are potentially recoverable under Plaintiff's claims.  *Farias v. Instructional Sys.*, 259 F.3d 91, 101 (2d Cir. 2001).  In employment discrimination cases in the Second Circuit, courts generally find punitive damages awards in the range of $25,000 to $100,000 to be within acceptable limits.  *See Thomas v. iStar Fin., Inc.* 508 F. Supp. 2d 252, 262-64 (S.D.N.Y. 2007), *aff'd*, 2010 U.S. App. LEXIS 27371 (2d Cir. 2010) (collecting cases).  Therefore, if Plaintiff can establish that he is entitled to an award of punitive damages, he could recover punitive damages in that range.

19.     In sum, based on Plaintiff's allegations of unlawful discrimination under the NYCHRL, and on the types of damages requested, the Complaint on its face gives rise to an amount in controversy that exceeds $75,000 exclusive of interest and costs. *See Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994), *citing Horton v.*

*Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 81 S. Ct. 1570, 1573, 6 L.Ed.2d 890 (1961) (the amount in controversy is to be determined from the complaint itself)).

### III.    TIMELINESS OF NOTICE OF REMOVAL

20.    Removal of this action is timely.  Although service on a statutory agent such as the New York Secretary of State does not trigger the 30-day removal period under 28 U.S.C. § 1446(b), which only begins to run upon actual receipt of service by the defendant, Stop & Shop is nevertheless filing this Notice of Removal within 30 days of date on which Plaintiff delivered a copy of the Summons & Complaint to the New York Secretary of State.[3]

### IV.    RELIEF REQUESTED

21.    For the foregoing reasons, Defendant The Stop & Shop Supermarket Company LLC requests that the United States District Court for the Eastern District of New York assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Respectfully submitted,

LITTLER MENDELSON, P.C.
One Newark Center
1085 Raymond Blvd., 8th Floor
Newark, New Jersey 07102
Direct: 973.848.4734
Fax: 973.556.1691
Email: MGilroy@littler.com

*Attorneys for Defendant*
*The Stop & Shop Supermarket Company LLC*

By: */s Marcy A. Gilroy*
        MARCY A. GILROY

DATED:  February 17, 2022

---

[3] *See Moran v. Trans States Airlines, LLC*, No. 20 Civ. 6155 (AKH), 2020 WL 5912391, at * (S.D.N.Y. Oct. 6, 2020) ("service on a statutory agent does not trigger the 30-day removal period"), *citing Grello v. J.C. Penny Corp.*, No. 03 CIV 8245(CSH), 2003 WL 22772397, at *2 (S.D.N.Y. Nov. 21, 2003); *Cygielman v. Cunard Line Ltd.*, 890 F. Supp. 305, 307 (S.D.N.Y. 1995).

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February 2022, I filed the within Notice of Removal by CM/ECF, and caused a copy of same to be served by electronic mail and Federal Express upon Plaintiff's counsel as follows:

Lina Stillman, Esq.
STILLMAN LEGAL, PLLC
42 Broadway, 12th Floor
New York, New York 10004
ls@stillmanlegalpc.com

*Attorneys for Plaintiff Lamal McKinney*

By: /s Marcy A. Gilroy
MARCY A. GILROY

8